FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 0 6 2009 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

1ST BRIDGE LLC,

                Plaintiff,

-against-

682 JAMAICA AVENUE, LLC, DOMINGO
MADRID, and MERCEDES VARGAS,

                Defendants.

-------------------------------------------------------------X

**MEMORANDUM & ORDER**

08-CV-3401 (NGG) (MDG)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 20, 2008, Plaintiff 1st Bridge LLC filed a Complaint against Defendants to enforce its rights pursuant to a note and mortgage on the premises located at 682 Jamaica Avenue, Brooklyn, New York. (Complaint (Docket Entry #1).) Defendant 682 Jamaica Avenue, LLC ("LLC Defendant") was served with a summons and the Complaint on August 29, 2008, and Defendants Domingo Madrid and Mercedes Vargas were served with a summons and the Complaint on August 26, 2008. (Docket Entries ## 2-4.) Although an attorney for LLC Defendant and Domingo Madrid filed a notice of appearance in this action on November 24, 2008 (Docket Entry # 13), none of the Defendants have answered the Complaint. The Clerk of Court entered default against LLC Defendant, Domingo Madrid, and Mercedes Vargas on December 24, 2008. (Docket Entry # 26.) Under Federal Rule 55(b)(2), Plaintiff now seeks a judgment of default.

Default judgments are disfavored, as there is a clear preference for cases to be adjudicated on the merits. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 173 (2d Cir. 2001). Nonetheless, default judgment is an appropriate sanction for "defaults that arise from egregious

1

or deliberate conduct." Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). In considering whether to enter a default judgment, courts consider (1) the merits of the plaintiff's claim and the existence of a meritorious defense, (2) the willfulness of the default, and (3) the possibility of prejudice to the plaintiff if default is not granted. See 10 Moore's Federal Practice, § 55.31[2] (Matthew Bender 3d ed.); Pinaud v. County of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (citing Moore's); Pecarsky, 249 F.3d at 171 (enumerating factors relevant to decision whether to relieve a party from a default judgment).

Regarding the merits, the court concludes that Plaintiff's allegations, if true, entitle it to relief. The Complaint sets out a foreclosure action against Defendants seeking to enforce rights under a note and mortgage on real property. Plaintiff has alleged that LLC Defendant failed to pay the amount of $550,000.00 plus escrow money for taxes which became due on February 15, 2008, and that Plaintiff is in default. (Complaint ¶¶ 6-11.) The premises appear to be subject to foreclosure under Article II of the mortgage given by LLC Defendant to Plaintiff. (Notice of Motion for a Default Judgment Ex. B.) In their opposition to Plaintiff's motion, Defendants have not made any argument relating to the merits of the case. (Defendants' Memorandum of Law 2-5 (Docket Entry # 21).)[1] Although they claim that Plaintiff is not entitled to a default judgment because of several alleged procedural irregularities, Defendants have not put forth any defense on the merits of Plaintiff's complaint.

---

[1] They claim that (1) Plaintiff did not file and serve the notice of pendency required to be filed in the county clerk's office under New York Real Prop. Acts. Law § 1331; (2) Plaintiff did not comply with Federal Rule of Civil Procedure 55(b)(2) by serving written notice of its application for default judgment on Defendants' counsel; (3) Plaintiff failed to support its motion for default judgment with a memorandum, in violation of Local Civil Rule 7.1; and (4) Plaintiff violated the court's individual rules by filing its motion papers before the default judgment motion was fully briefed. None of these objections have any merit: (1) Plaintiff did file the notice of pendency required to be filed under New York Real Prop. Acts. Law § 1331, and no service upon defendants is required by the statute, New York Real Prop. Acts. Law § 1331; (2) Plaintiff did satisfy the service requirement of Rule 55 by serving its motion for default judgment on Defendants, Docket Entry # 8 Ex. 9; (3) Plaintiff did support its motion with an attorney affirmation including argument, and there is no reason to believe that Plaintiff willfully failed to present argument; and (4) Plaintiff did not violate the court's individual rule regarding the filing of motion papers, because at the time it filed its motion for default judgment, no defendant had appeared, and therefore it had no reason to think the motion was not fully briefed upon such filing.

Moreover, the court concludes that Defendants' default has been willful. Defendants have not set forth any explanation for failing to answer the Complaint, nor have they sought an extension of time for filing an answer. In arguing that default judgment should not be entered, Defendants never once state an intention to actually oppose Plaintiff's Complaint. See New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005) ("Notably, Defendants offered no explanation for their counsel's failure to appear or seek any extension of time to respond to the complaint."). Defendants have neither sought to set aside the entry of default nor sought time to answer. The court considers Defendants' ongoing failure to respond to Plaintiff's Complaint—and apparent lack of any intention to do so—to be "egregious" and "not satisfactorily explained" by Defendants. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

In fact, instead of asking the court for an extension of time to file an answer, Defendants' counsel sought to delay the court's consideration of Plaintiff's motion by informing the court that a contract for the sale of the property had been entered into. On November 24, 2008, a contract for sale of the property was submitted to the court, with a closing scheduled for January 5, 2009 and a down payment of $100,000. Then, on December 1, 2008, a letter was submitted to the court informing it that a down payment in the amount of $5,000 had been deposited in counsel's escrow account. On account of the large discrepancy between the contractual down payment figure and the size of the payment made—and the fact that it is now February and no closing has occurred (and that none of this has been explained)—the court doubts that this contract was entered into in good faith.[2]

---

[2] Plaintiff has not stated that it would be prejudiced by the delay that would result from denying its motion for a default judgment. However, if it is established that Defendants lack a meritorious defense and that their default was willful, no prejudice is required to be shown. Comm'l Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 244 (2d Cir. 1994). In any case, it is certainly prejudicial to Plaintiff to allow Defendants to avoid and delay litigation of its Complaint and resolution of the parties' dispute.

3

In light of the totality of Defendants' conduct, and in light of their failure to put forth any defense at all to Plaintiff's claims, the court finds that entering a default judgment is appropriate. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff 1ST BRIDGE LLC, has Judgment against Defendants 682 JAMAICA AVENUE, LLC, DOMINGO MADRID, and MERCEDES VARGAS, in an amount, inclusive of the costs and disbursements of this action, to be determined at an inquest before Magistrate Judge Marilyn D. Go, who shall provide a report and recommendation thereon.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February 4, 2009

NICHOLAS G. GARAUFIS
United States District Judge