```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - - -X

1st BRIDGE LLC,

               Plaintiff,

                                       **REPORT AND**
     - against -                     **RECOMMENDATION**

682 JAMAICA AVENUE, LLC; DOMINGO        08-CV-3401(NGG)(MDG)
MADRID and MERCEDES VARGAS,

               Defendants.

- - - - - - - - - - - - - - - - - -X

Plaintiff 1st Bridge LLC brings this action pursuant to the diversity jurisdiction of this Court against defendants 682 Jamaica Avenue, LLC (the "LLC Defendant"), Domingo Madrid ("Madrid") and Mercedes Vargas to foreclose its mortgage on real property. After entering default judgment for plaintiff against defendants, the Honorable Nicholas Garaufis referred the matter to the undersigned for an inquest on damages. Ct. doc. 27.

## PRIOR PROCEEDINGS

Plaintiff commenced this action on October 20, 2008. After defendants failed to respond, plaintiffs moved for a default judgment. Ct. doc. 8. The Clerk of Court noted entry of default on December 24, 2008. Ct. doc. 26. Although an attorney for the LLC defendant and Domingo Madrid filed a notice of appearance

(Ct. doc. 13), none of the defendants answered or otherwise responded to the complaint.

After plaintiff moved for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (Ct. doc. 8), the Honorable Nicholas G. Garaufis held a pre-motion conference on November 13, 2008 at which he gave the defendants appearing through counsel an opportunity to respond.  In a Memorandum and Order entered on February 6, 2009, Judge Garaufis granted default judgment to plaintiff, noting that defendants did not present any defense on the merits.  He also referred the matter to the undersigned for an inquest on damages. Ct. doc. 27.

On May 14, 2009, defendants filed a letter requesting a pre-motion conference in order to file a motion to dismiss the complaint alleging that "plaintiff acted unethically and in bad faith by purposefully presenting defendants with a Forbearance Agreement, claiming 24% interest of the mortgage arrears, which said interest exceeds the legal interest rate and is usurious." Ct. doc. 30.  At a conference on September 22, 2009, Judge Garaufis denied defendants' request to file a motion to dismiss on account of the default judgment.

**PERTINENT FACTS**

The following facts are undisputed and are set forth in the Complaint (Ct. doc. 1); Affirmation of Joshua Deutsch dated October 21, 2008 ("Deutsch 10/21/08 Affirm.")(Ct. doc. 8-2); Affidavit of Izhar Groner in Support of Motion for Judgment of

Foreclosure and Sale, ("Groner Aff.")(Ct. doc. 8-4); Supplemental Affirmation of Joshua Deutsch ("Deutsch Supp. Affirm.")(Ct. doc. 29); Defendants' Letter Request for Pre-Motion Conference dated May 14, 2009 ("Def. 5/14/09 Letter")(Ct. doc. 30) and the exhibits attached to those submissions.

On or about August 17, 2007, the LLC Defendant obtained a loan in the amount of $550,000 from 1st Bridge LLC, evidenced by a promissory note ("the Note") signed by Domingo Madrid, manager of 682 Jamaica Avenue. Compl. at ¶ 6; see also Note attached as exhibit A to Notice of Motion for Default Judgement (Ct. doc. 8-4). The Note was secured by real property located at 682 Jamaica Avenue, Brooklyn, New York, as more particularly described in a mortgage (the "Mortgage") signed by Domingo Madrid on August 17, 2007. Compl. at ¶ 7. The Mortgage was recorded in the office of the City Register, Kings County CRFN 2007000487339 on September 24, 2007. Deutch 10/21/08 Affirm. ¶ 5 (Ct. doc. 8-2); Compl. at ¶ 3. Defendant Domingo Madrid also executed a guaranty in which he guaranteed payment of all obligations of the LLC Defendant. Deutsch Supp. Affirm., Exh. 1 (the "Guaranty") (Ct. doc. 29-1).

Under the Note, the LLC defendants and Madrid agreed to pay plaintiff monthly payments of interest at the rate of 12.75% per annum, on an actual day/360 day basis in advance of the first day of each month commencing September 1, 2007. Note at ¶ 1 (Ct. doc. 8-4). Principal and all accrued interest was due in full on

February 15, 2008.[1]  Id.  Failure to pay principal or interest within 10 days of the due date would be a default of the Mortgage, triggering the right of Plaintiff to declare the entire principal sum immediately due.  Mortgage, Article II 2.01(a), attached as Exh. B to Notice of Motion for Default (Ct. doc. 8-5).  In addition, the Note provided for increased interest and a late charge for payments not made within five days when due:

> In the event any payment due . . . shall not be paid within five (5) days of the date when due, such payment shall bear an interest rate equal to the lesser of twenty-four percent (24%) per annum, or the highest lawful rate permitted under applicable law, from the date when such payment was due until paid. In addition, [defendant] shall pay a late payment of six (6) percent of any principal or interest payment made more than 5 (five) days after the due date thereof, which premium shall be paid with such late payment.

Note at ¶ 3 (Ct. doc. 8-4).  Because the LLC defendant failed to pay the principal amount of $550,000 when due on February 15, 2008, Plaintiff declared the LLC Defendant in default of the mortgage and commenced this foreclosure action on August 20, 2008.  Deutch 10/21/08 Affirm. at ¶ 6 (Ct. doc. 8-2); Compl. at ¶¶ 6-11.

In its motion for default, plaintiff also seeks:  (1) to amend the caption by changing the name of one John Doe defendant to "Mercedes Vargas" , a tenant of the property in question; (2)

---

[1] Although Plaintiff states in its default submissions that the principal amount of the Note plus interest was due on February 17, 2008, the handwritten date on the promissory note appears to be a "15."

to dismiss the action against all other John Doe defendants and (3) an award of legal fees and costs.

## DISCUSSION

**I. Motion to Amend Caption**

In its motion for default judgment, plaintiff seeks leave to amend the caption by changing the name of the John Doe defendant to "Mercedes Vargas," a tenant of the property in question. Although Mercedes Vargas was not a named defendant in the original complaint filed on August 20, 2008, she was properly served with the summons and the complaint by personal service on August 26, 2008. See Deutsch Affirm. of Regularity, Exh. E (Ct. doc 8-9). On December 24, 2008, the Clerk of Court entered default against Mercedes Vargas along with 2 other defendants. By Order dated February 4, 2009, Judge Garaufis entered default judgment against Mercedes Vargas and two other defendants.

Pursuant to the Court's Order dated April 16, 2009 directing plaintiff to provide the basis for amending the complaint to add Mercedes Vargas as a defendant and for holding her liable for any deficiency judgment, plaintiff indicated that the sole purpose of adding Ms. Vargas as a named defendant in this action was for terminating her occupancy interest as a tenant in the property. See Deutch Supp. Affirm. ¶ 2. Defendant does not seek a deficiency judgment against Ms. Vargas. Since Ms. Vargas has not filed any opposition to Plaintiff's motion to amend and for

-5-

default judgment and since her unrecorded tenancy rights are not superior to the Mortgage, I recommend that this Court grant Plaintiff's request for leave to amend the caption to name Mercedes Vargas as a defendant. In addition, default judgment against her should be entered only to the extent of declaring her lease to be null and void and terminating all right and interest she may have to the mortgaged premises at 682 Jamaica Avenue, Brooklyn, New York,

## II. Determination of Damages

### A. Amount of Judgment

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied., 506 U.S. 1080 (1993); Au Bon Pain Corp. v. Artect, Inc. et al., 653 F.2d 61, 65 (2d Cir. 1981). A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. Au Bon Pain, 653 F.2d at 69-70.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment. The moving party is entitled to all reasonable inferences from the evidence it offers. Au Bon Pain, 653 F.2d at 65 (citing TWA, Inc. v. Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969)).

Plaintiff is entitled to foreclosure if it alleges "the existence of an obligation secured by a mortgage, and a default on that obligation." United States v. Fugle, No. 00-CV-0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003); RTC v. J.I. Sopher & Co., No. 94 Civ. 7189, 1995 WL 489697, at *2 (S.D.N.Y. Aug. 15, 1995); United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). If those elements are established, the mortgagee has a "presumptive right to collect." Fugle, 2003 WL 251948, at *2; RTC, 1995 WL 489697, at *2; Freidus, 769 F. Supp. at 1277. Thus, any determination of default damages should be determined under the terms of the Note and Mortgage, the governing instruments here.

Since plaintiff also seeks entry of a default judgment against defendant Domingo Madrid, the extent of default damages that may be assessed against him must be determined in accordance with the terms of the guaranty he signed. Chase Manhattan Bank, N.A. v. American Nat. Bank and Trust Co. of Chicago, 93 F.3d 1064, 1073-1074 (2d Cir. 1996) ("Under New York law, guarantee agreements must be strictly construed according to their terms"). If a guaranty is unconditional and does not limit in any way the obligations of the guarantor, the guarantor's liability will be equal to that of the principal debtor. European American Bank v. Lofrese, 182 A.D.2d 67, 73, 74, 586 N.Y.S.2d 816, 819, 820 (2d Dep't 1992).

The guarantee that Mr. Madrid signed is unconditional, providing, <u>inter</u> <u>alia</u>, that:

> ... the undersigned Guarantor [] hereby absolutely and unconditionally guarantees to LENDER, its successors, endorsees and assigns, the prompt and unconditional payment when due (whether at maturity, by acceleration or otherwise) and at all times thereafter of any and all obligations or liability of every kind, nature and character ...including but not limited to any and all sums, late charges, disbursements, expenses, legal fees and any deficiency upon enforcement of collateral, agreements and contracts in connection with all of such obligations.
> . . .
> This Guaranty shall be construed as an absolute and unconditional Guarantee of payment without regard to the validity, regularity and enforceability of any obligation or purported obligation of Borrower...
> . . .
> Upon the default of Borrower ... with respect to any obligations ... to LENDER, ... then: all or any part of the obligations and liabilities of Borrower ... shall, without notice or demand be immediately satisfied by each undersigned guarantor ...

Guaranty at 1-3 (ct. doc. 29-1). Thus, the full amount of any default judgment against the LLC Defendant should also be assessed against Domingo Madrid.

In support of its claim for damages, plaintiff has established that Defendant failed to pay the outstanding principal on the Note and Mortgage of $550,000.00 on or after the due date of February 15, 2008. Compl. at ¶¶ 6, 10, 11; Groner Aff. ¶¶ 3, 5, 6. Under the terms of the Note, Plaintiff is entitled to recover interest at a default rate of 24% per annum from February 15, 2008, as well as an award for "any sums advanced by the plaintiff." Compl. at ¶ 11.

Defendant argues that because a rate of 24% interest is usurious the Note and Mortgage are unenforceable. See Defendant's Request for Pre-Motion Conference Letter dated May 5, 2009. Although Judge Garaufis refused to vacate entry of default to consider this basis for Defendants' contemplated motion to dismiss, I briefly discuss the appropriate interest rate in light of the fact that the Note qualifies that the default interest rate shall be "equal to the lesser of twenty four (24%) per annum or the highest lawful rate permitted by applicable law . . . " Note ¶3. (ct. doc. 8-5 ). It is well settled that "the defense of usury does not apply where . . . the terms of the mortgage and note impose a rate of interest in excess of the statutory maximum only after default or maturity." Miller Planning Corp. v. Wells, 253 A.D.2d 859, 860, 678 N.Y.S.2d 340 (2nd Dep't 1998). Furthermore, the loan in this matter was made to a corporate defendant, and a corporation may only raise the defense of usury if the interest rate exceeds the criminal usury rate of 25%. N.Y. Gen. Oblig. L. § 5-521 (McKinney's 1989); see also Aaron v. Mattikow, 61 Fed. Appx. 764, 2003 WL 1973353 (2d Cir. 2003) (affirming a 24% interest rate for a corporation). Thus the 24% default interest rate specified by the Note does not exceed what is permissible under applicable law. Interest on $550,000 at a rate of twenty four percent (24%) amounts to $362.00 per day. Accordingly, the amount of interest owed for the 357 day period

from the date of default on February 15, 2008 through the date of entry of default judgment on February 6, 2009 is $129,220.

Plaintiff is further entitled under the Note to collect a late charge of six percent of the amount due, which amounts to $33,000. Groner Affid. ¶ 5. (ct. doc. 8-4). Plaintiff also seeks to recover property inspection fees due of $1,500. Id. The total amount due must be reduced by a credit of $10,000 for the escrow held by plaintiff. Id. Thus the amount due is $703,010.00, calculated as follows:

| | |
|---|---:|
| Principal due | $ 550,000.00 |
| Interest from 2/15/08 - 2/6/09 (357 days x $362.00) | 129,220.00 |
| Late charge | 33,000.00 |
| Property inspection fee | 1,500.00 |
| Credit (for escrow pymt) | ( 10,000.00) |
| Balance due as of entry of Default Judgment on 2/6/09 | $ 703,010.00 |

Accordingly, I recommend that judgment of foreclosure and sale be granted and that the proceeds of the foreclosure sale be paid to plaintiffs for the sum of $703,010.00, plus accrued interest after February 6, 2009 in an amount to be determined by a Master to be appointed.

**B. Attorney's Fees**

Plaintiff seeks attorney's fees of $3,900 for the cost of legal services rendered. See Deutch Supp. Affid. ¶ 4, 19.

-10-

In determining reasonable attorneys' fees, courts examine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 188-90 (2d Cir. 2008); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989). A reasonable hourly rate is "the rate a paying client would be willing to pay," "bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190. Reasonable hourly rates are determined by examining the rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984)).

In reviewing a fee application, the district court must examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. See Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 235-36 (2d Cir. 1985). If any expenditure of time was unreasonable, the court should exclude these hours from the calculation. See Hensley, 461 U.S. at 434; Lunday, 42 F.3d at 133. The court should thus exclude "excessive, redundant or otherwise

-11-

unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). In lieu of contemporaneous time records, an applicant may submit summaries accompanied by affidavits stating that the summaries are accurate and based on contemporaneous records. Cruz, 34 F.3d at 1160. These records should specify, for each attorney, the date, hours expended, and the nature of work. Carey, 711 F.2d at 1148. It is not required that counsel describe in great detail how the time was spent, rather it is sufficient to identify the general subject matter of time expenditures. Perdue v. City Univ. of New York, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998).

Plaintiff's counsel states in his affidavit that his firm's standard billing rate on a contested or complicated matter is $250.00 an hour. Deutch Supp. Affirm. ¶ 4. Counsel's affidavit further sets forth the time spent on case-related tasks by various attorneys, including Doris Barkhordar, Natalia Thomas, Brian Goldberg and himself, presumably all attorneys at his firm. See Deutch Supp. Affirm. ¶¶ 5-15. The total attorney time spent on this matter is stated to be 37 hours.

Plaintiffs's counsel further indicates that although the total legal fees incurred in this action amount to $9,250.00 based upon 37 hours of attorney time, plaintiff is seeking only $3,900.00 of this amount. See Deutch Supp. Affid. ¶ 19. At $250.00/hour, this presumably represents 15.6 hours of attorney time.

Based on my general knowledge of prevailing rates in New York as well as rates for this type of real estate matter, I find that although the rate of $250.00 per hour is at the higher end of the spectrum, it is reasonable. See, e.g., Kochisarli v. Tenoso, No. 02-CV-4320, 2008 WL 1882662, at *7 (E.D.N.Y. Apr. 24, 2008) ("for actions in this District involving mortgages and promissory notes attorney's fees have been approved in the range of $150 to $175 (for senior associates) and $200 to $250 for partners"). Notwithstanding Plaintiffs' failure to provide time records or to link counsel's summaries to contemporaneous time records, I further find a request for 15.6 hours of attorney time to be reasonable as well. Beside preparing the complaint and the default submissions, plaintiff's counsel had to appear in court twice to address defendants' attempt to vacate entry of default and to dismiss. Accordingly, I recommend awarding plaintiff the full amount of attorney's fees requested.

### C. Costs

Plaintiff seeks $1,750.00 in costs and disbursements. Specifically, plaintiff seeks $400 in statutory costs allowable

under the New York C.P.L.R., including $200 for costs before note of issue pursuant to CPLR §8201(1), an additional allowance of $50 and an allowance of $150 pursuant to CPLR §8302(a)and (b). See Plaintiff's Bill of Costs p.1 (Ct. doc. 10). Plaintiff also seeks costs for the filing fee of $350, $35 for the clerk's fee for filing a notice of pendency, $400 fee for a foreclosure search, and $565 in service fees. Id. pp. 1, 3, 4.

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). Plaintiffs' request for court filing fees are recoverable litigation costs. See New Leadership Comm. v. Davidson, 23 F. Supp.2d 301, 305 (E.D.N.Y. 1998) (awarding filing fee). As such, plaintiff's requests for filing fees, clerk's fees, search fees and service fees should be awarded. However, since the statutory costs pursuant to the C.P.L.R. are not applicable to a case brought in federal court, I recommend that they not be awarded. The award of costs are permitted only to the extent reasonably proved; nothing in the Note or Mortgate refers to an award of statutory costs under the C.P.L.R. Thus, I recommend awarding plaintiff costs in an amount of $1,350.00.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Court grant plaintiff's motion to amend the caption to add Mercedes Vargas as a defendant and to grant plaintiff default

judgment on the Note, Mortgage and Guaranty against 682 Jamica Avenue, LLC and Domingo Madrid as follows: $550,000.00 in principal, with interest accruing at a rate of 24% per diem from February 15, 2008 through February 6, 2009 in the amount of $129,220.00 for a total amount of $684,470.00, plus interest at the standard rate from entry of default judgment on February 6, 2009; $33,000.00 in late fees; $1,500.00 in property inspection fees; minus $10,000.00 for escrow credit; costs in the amount of $1,350.00; and attorney's fees in the amount of $3,900.00. In addition, I recommend that the Court order the sale of the mortgaged premises at 682 Jamaica Avenue, Brooklyn, New York; and bar and foreclose 682 Jamaica Avenue LLC, Domingo Madrid and Mercedes Vargas from all right, title, claim, interest, lien and equity of redemption in the mortgaged premises.

I recommend that if the Court adopts the foregoing recommendations that it sign a judgment of foreclosure and sale which follows, in large part, the proposed judgment filed by Plaintiff (Ct. doc. 9-2). However, I recommend that the judgment should be modified to apply federal law as to the procedures to be followed, including the appointment of an attorney to act as Master to conduct a foreclosure sale and to arrange for publication and providing appropriate notice in accordance with federal law. I further recommend that the judgment provide for public auction to be held at the Supreme Court of the State of New York, County of Kings, at 360 Adams Street, Brooklyn, New York, by and

under the direction of a Master to be appointed and that said Master be required to file a report with the Clerk of the Court with all convenient speed following the sale and if the proceeds of such sale are not sufficient to pay the amount determined to be due to the Plaintiff, together with the expenses, interests and costs, that the Master shall specify the amount of the deficiency in the report.

A copy of this report and recommendation will be sent by overnight mail or electronically to the parties on this date. Objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to the Honorable Nicholas G. Garaufis and the undersigned, by July 30, 2010. Failure to file objections within the time specified waives the right to appeal. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**


Dated:    Brooklyn, New York
          July 13, 2010

                                        ____/s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE


Copies mailed to:

Mercedes Vargas
682 Jamaica Ave. 2nd Floor
Brooklyn, NY 11208